**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**JOSE REINALDO DE OLIVEIRA SANTOS,**

**Defendant.**

**Case No. 2:25-cr-90**
**JUDGE EDMUND A. SARGUS, JR.**

<u>**OPINION AND ORDER**</u>

This matter is before the Court for consideration of the Government's Motion to Revoke Order of Pre-Trial Release. (ECF No. 18.) Under 18 U.S.C. §§ 3142 and 3145, the Government asks the Court to reconsider and revoke the Magistrate Judge's Order releasing Defendant Jose Reinaldo De Oliveira Santos before trial. (*Id.*) Mr. Oliveira Santos opposes the Motion. (*See* ECF No. 26.) The Court held a hearing on the Motion on June 20, 2025. (*Id.*) This Opinion and Order memorializes the Court's ruling on the Motion during that hearing. (*Id.*) The Government's Motion is **DENIED**. (ECF No. 18.)

**I.       BACKGROUND**

A grand jury indicted Mr. Oliveira Santos for making a false statement on a passport application by providing a false name, date of birth, and place of birth in violation of 18 U.S.C. § 1542. (ECF No. 4, PageID 5.) The offense carries a maximum term of imprisonment of ten years. 18 U.S.C. § 1542.

The Government alleges that in 2015, Mr. Oliveira Santos applied for a B-1/B-2 temporary visitor visa[1] to travel from his home country, Brazil, to the United States. (ECF No. 18, PageID 16; *see also* ECF No. 19, PageID 32–33 (Visa Application).) Visitors with B-1/B-2 visas are not permitted to permanently reside in the United States but can stay in the country for up to six months, with multiple reentries allowed. (*Id.*) Mr. Oliveira Santos's visa application stated that he was born in Brazil in 1983. (ECF No. 19, PageID 32.) Along with his application he furnished his fingerprints. (*Id.*) His visa was granted and expired April 22, 2025. (*Id.*)

In January of this year, Mr. Oliveira Santos applied for a United States passport under the name "Joseph Reynard Williams." (ECF No. 18, PageID 17; *see also* ECF No. 19, PageID 39–40 (Passport Application).) Unlike his visa application, the passport application stated that his date of birth was in 1987. (ECF No. 19, PageID 39–40.) He also disclosed a false place of birth, and false names and birthdates for his purported parents. (*Id.*) Listed as his Godfather was an individual named Corey Meadows. (*Id.*) Mr. Oliveira Santos stated that he lived at the same address as Mr. Meadows. (*Id.*)

Facial recognition software flagged Mr. Oliveira Santos's passport application as bearing a close resemblance to the photo he included in his 2015 visa application submitted under a different name. (ECF No. 18, PageID 18.) As a result, the Department of State's Diplomatic Security Service ("DSS") began an investigation. (*Id.*) The investigation revealed that Mr. Oliveira Santos did not provide a birth certificate, social security card, or other proof of citizenship when

---

[1] "Visitor visas are nonimmigrant visas for persons who want to enter the United States temporarily for business (B-1 visa), for tourism (B-2 visa), or for a combination of both purposes (B-1/B-2 visas)." *See* Visitor Visas, U.S. Dept. of State, https://travel.state.gov/content/travel/en/us-visas/tourism-visit/visitor.html/visa (last visited 6/20/2025). The Court can take judicial notice of information posted on an official government website. *Epps v. United States*, No. 1:23-cv-510, 2024 U.S. Dist. LEXIS 87584, at *15 n.1 (S.D. Ohio May 15, 2024) (Cole, J.).

he applied for his passport. (*Id.*) Instead, he submitted a birth affidavit and a certificate of baptism from his purported Godfather. (*Id.*; *see also* ECF No. 19, PageID 47–48.)

DSS agents then obtained fingerprints from Mr. Oliveira Santos which matched the fingerprints submitted with the 2015 visa application and the prints included with the passport application filed as Joseph Reynard Williams. (*Id.* PageID 60.) DSS agents also interviewed Mr. Meadows, who denied being Mr. Oliveira Santos's Godfather, but stated the two were in a relationship and had lived together since 2016. (*Id.* PageID 61–67.) The two are no longer in a relationship, says Mr. Meadows. (*Id.* PageID 65.)

Law enforcement arrested Mr. Oliveira Santos on June 10, 2025. (ECF No. 9.) After he was arrested, he made his initial appearance before Magistrate Judge Vascura and the Government orally moved to detain him under 18 U.S.C. § 3142(f)(2)(A) and (B). (*Id.*)

Magistrate Judge Vascura held a detention hearing on June 17, 2025. (ECF No. 21.) The Government argued detention was necessary to assure Mr. Oliveira Santos's appearance at future court proceedings. (*Id.*; *see also* ECF No. 18, PageID 21.) According to the Government, Mr. Oliveira Santos posed a serious risk of flight, or of obstructing, or attempting to obstruct, justice. (*Id.*) Mr. Oliveira Santos disagreed. At the conclusion of the detention hearing, Magistrate Judge Vascura ordered Mr. Oliveira Santos released from custody. (ECF No. 21.)

With speed, the Government filed a Motion to Revoke the Order of Pre-Trial Release (ECF No. 18) and an Emergency Motion to Stay the Order of Release (ECF No. 17). The Court granted the Motion to Stay (ECF No. 23), and held a hearing held on the Motion to Revoke on June 20, 2025. (ECF No. 26.)

## II.    LEGAL STANDARD

The Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, "provides [an] arrestee with a number of procedural safeguards." *United States v. Salerno*, 481 U.S. 739, 742 (1987). To that end, a judicial officer must determine whether an arrestee shall be detained before trial. 18 U.S.C. § 3142(a). The law generally presumes that a defendant should be released pending trial. *United States v. Moss*, No. 1:24-cr-66-3, 2024 U.S. Dist. LEXIS 175677, at *4 (S.D. Ohio Sep. 27, 2024) (Cole, J.) (citing *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010)). Detention before trial is warranted only if the Court concludes that "no condition or set of conditions will reasonably assure the defendant's appearance as required and the safety of any other person and the community." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004) (citing 18 U.S.C. § 3142(e)). To make that determination, the Court considers four factors: (1) "the nature and circumstances of the offense"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Once a judicial officer orders a defendant released, the Government "may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a)(1). The district court reviews a motion by the Government to revoke a release order de novo. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000) (Marbley, J.).

### III. ANALYSIS

Having reviewed the record and heard arguments from counsel during the hearing, the Court will not revoke the Magistrate Judge's release order. As discussed during the hearing, on balance, the four factors under § 3142(g) support releasing Mr. Oliveira Santos before trial.

### A. Nature and Circumstances of the Offense

Under 18 U.S.C. § 3142(g), the Court first considers "the nature and circumstances of the offense charged," including whether the offense is a violent crime. 18 U.S.C. § 3142(g)(1). The indictment charged Mr. Oliveira Santos with a single count of making false statements in his passport application, in violation of 18 U.S.C. § 1542. (ECF No. 4.) The offense charged is not a violent crime, nor does it involve a firearm, controlled substance, or destructive device. *See* 18 U.S.C. § 3142(g)(1). The nature of the offense does not show that Mr. Oliveira Santos presents an unacceptable risk of harm to himself or others.

The Government argues that the circumstances of the offense suggest a serious risk that Mr. Oliveira Santos will not appear at future court proceedings. (ECF No. 18, PageID 23.) The potentially substantial statutory penalties of up to ten years in prison suggest the offense is serious and warrants detention, says the Government. (*Id.* (citing *United States v. Benitez-Elvira*, No. 1:14CR391-1, 2014 U.S. Dist. LEXIS 168648, at *2 (M.D.N.C. Dec. 5, 2014)). Through his offense, Mr. Oliveira Santos has shown a willingness to lie to stay in this country and avoid deportation. (*Id.*) Since deportation at the conclusion of these proceedings is likely, if not certain, the Government argues that Mr. Oliveira Santos has additional incentives to flee. (*Id.*)

The Magistrate Judge evaluated the nature and seriousness of the offense, including the immigration consequences, when ordering pretrial release. (ECF No. 22.) She then imposed appropriate restrictions to mitigate the risk of flight including restricting Mr. Oliveira Santos to

home confinement, subjecting him to GPS monitoring, and requiring him to surrender his passport. (*See id.*) Upon the Court's de novo review, it finds that such conditions sufficiently mitigate the risk of flight.

Further, although the statute carries a possible prison term of up to ten years, the Government represented at the hearing that it has offered Mr. Oliveira Santos a plea agreement with a prison term of zero to six months under the Sentencing Guidelines. (*See* ECF No. 26.) As the Court explained during the hearing, it is unaware of any analogous fraud case, with comparable sentencing guidelines, where the Undersigned ordered a defendant detained before trial. (*Id.*)

The Government has not shown that Mr. Oliveira Santos's release presents an unacceptable risk of flight, or to the safety of others and the community. So, this factor supports pretrial release.

## B. Weight of the Evidence

The Court next considers the weight of the evidence offered against Mr. Oliveira Santos. 18 U.S.C. § 3142(g)(2). This factor "only goes to the likelihood of dangerousness or that the defendant will pose a risk of flight, 'not the weight of the evidence of the defendants' guilt.'" *United States v. Bothra*, No. 19-1092, 2019 U.S. App. LEXIS 9375, at *4–5 (6th Cir. Mar. 28, 2019) (quoting *Stone*, 608 F.3d at 948).

Since the Government does not argue that Mr. Oliveira Santos is dangerous, the Court focuses its analysis on the weight of the Government's evidence that he poses a flight risk. The Government contends that Mr. Oliveira Santos "admitted to submitting the passport application in question." (ECF No. 18, PageID 24.) Biometrics data and facial recognition software also "confirmed that [he] is *not* 'Joseph Reynard Williams,' that he was *not* born in the United States, and that his birthdate was *not* in 1987, as he attested when unlawfully attempting to obtain a passport." (*Id.*)

Without making an improper pretrial determination of Mr. Oliveira Santos's guilt, the Court acknowledges that the Government has put forth evidence of Mr. Oliveira Santos's willingness to lie to remain in the United States and avoid deportation. His willingness to assume a false identity could increase the risk of his nonappearance. Therefore, this factor tips in favor of the Government, but on balance the remaining factors support Mr. Oliveira Santos's pretrial release.

### C. Mr. Oliveira Santos's History and Characteristics

Now consider Mr. Oliveira Santos's history and characteristics—the third factor under § 3142(g). Under this factor, the Court evaluates Mr. Oliveira Santos's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). The Court must also ask "whether, at the time of the current offense or arrest, [he] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." *Id.* § 3142(g)(3)(B).

Mr. Oliveira Santos's history and characteristics cut both ways. On one hand, the Government concedes that he does not have a criminal record in the United States or Brazil. Nor does he have a history of substance abuse or mental conditions that may jeopardize his appearance at future court proceedings. His counsel represented that he has maintained consistent communication with her throughout these proceedings. (*See* ECF No. 26.)

Mr. Oliveira Santos's limited financial resources and length of residence in the community also reduce his flight risk. At the hearing, Mr. Oliveira Santos introduced a report from the Licking County Auditor's Office of the appraised value of the residence, owned by Mr. Meadows, where

Mr. Oliveira Santos has lived for nine years. (*Id.*) According to Mr. Oliveira Santos, the value of the property, owned by Mr. Meadows, shows that he does not have the financial means to abscond. (*Id.*) These characteristics favor his release.

On the other hand, the Government raises several concerns that it says increase Mr. Oliveira Santos's risk of nonappearance. (ECF No. 18, PageID 24.) Those concerns include: (1) his family ties to Brazil; (2) his lack of close ties to anyone in the United States besides his former partner, Mr. Meadows; (3) his lack of lawful status in the country and prospect of deportation after these proceedings; and (4) the "apparent ease with which [he] assumed and maintained a fake identity while residing here unlawfully." (*Id.*)

The Court finds Mr. Oliveira Santos's financial inability to abscond and nine-year residence in the community more indicative of his risk of flight. Because the Government's arguments primarily overlap with arguments it made under the earlier weight of the evidence factor, it does not overcome the presumption in favor of pretrial release. This factor therefore favors Mr. Oliveira Santos.

### D.  Nature and Seriousness of the Danger of Release

The final factor addresses the nature and seriousness of the danger that Mr. Oliveira Santos poses to the community if he were released. 18 U.S.C. § 3142(g)(4). The Government conceded during the hearing, and in its Motion, that it does not rely on this factor and maintains that it carries little weight. (ECF No. 18, PageID 25.) Mr. Oliveira Santos's release does not present a significant risk of danger to the community. This factor therefore supports release pending trial.

***

Since on balance, three of the four factors favor releasing Mr. Oliveira Santos before trial, the Court declines to revoke the Magistrate Judge's pretrial release order. The Magistrate Judge

properly evaluated Mr. Oliveira Santos's flight risk, and imposed conditions on his pretrial release that will reasonably assure his appearance at future court proceedings. Those conditions include the surrender of his passport, home confinement, and GPS monitoring. Accordingly, the Government's Motion is denied.

## IV.    CONCLUSION

For the reasons stated at the hearing and memorialized in this Opinion and Order, the Motion to Revoke Pre-Trial Release Order (ECF No. 18) is **DENIED.** The Court **ORDERS** Mr. Oliveira Santos released pending trial under the original conditions of release. (*See* ECF No. 22.)


**IT IS SO ORDERED.**

**6/23/2025**                                           **s/Edmund A. Sargus, Jr.**
**DATE**                                                **EDMUND A. SARGUS, JR.**
                                                        **UNITED STATES DISTRICT JUDGE**